**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMANDO OLIVARES,<br><br>               Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>               Defendant. | NO. CV 10-07976 SS<br><br><br>**MEMORANDUM DECISION AND ORDER** |

## I.

## INTRODUCTION

Plaintiff Armando Olivares ("Plaintiff") brings this action seeking to reverse the decision of the Commissioner of the Social Security Administration (the "Agency") denying his application for Supplemental Security Income ("SSI"). Alternatively, Plaintiff asks that this Court remand the case for further review. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Agency is REVERSED and REMANDED for further proceedings.

## II.

## PROCEDURAL HISTORY

On January 30, 2008, Plaintiff filed an application for Supplemental Security Income ("SSI") claiming that he became disabled on January 8, 2008. (Administrative Record ("AR") at 120-22). The Agency initially denied Plaintiff benefits on April 23, 2008 and upon reconsideration on August 21, 2008. (AR 79-83, 88-92). On October 3, 2008 Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 94). The hearing took place on November 30, 2009 and Plaintiff testified that he was unable to work due to back pain and fatigue. (AR 24, 42-43). Plaintiff appeared with counsel and testified. (AR 24-76). On January 29, 2010, the ALJ denied benefits. (AR 10-23). On March 29, 2010 Plaintiff requested review by the Appeals Council (AR 7-8). On April 3, 2010 the Appeals Council notified Plaintiff that he "may send . . . more evidence or a statement about the facts and law in this case. Any more evidence must be new and material to the issues considered in the hearing decision dated January 29, 2010." (AR 5). The Appeals Council stated that Plaintiff must send any additional information to the Appeals Council "within 25 days of the date of this letter [April 3, 2010]." (Id.). On June 23, 2010 Plaintiff submitted additional medical records from April 2010 to the Appeals Council. (AR 4, 457-71). The Appeals Council denied Plaintiff's request for review on August 23, 2010. (AR 1-4). On October 22, 2010, Plaintiff filed the instant action.

\\
\\
\\

In the interim, on March 25, 2010, Plaintiff filed a second application for disability payments. (Exhibit 1 to Plaintiff's Memorandum in Support of Complaint ("Exhibit 1") at 1). On September 17, 2010 the Agency notified Plaintiff that he "[met] all the rules to be eligible for SSI beginning March 25, 2010." (Id. at 2).[1] In the instant action Plaintiff seeks disability benefits for a closed period of time, from January 8, 2008 until April 1, 2010. (Memorandum in Support of Complaint ("Complaint Memo.") at 2).

## III.

### THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[2] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

---

[1] Payment began in April 2010. (Exhibit at 1, 13).

[2] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 416.910.

3

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

(4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. § 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. If, at step four, the claimant meets his burden of establishing an inability to perform the past work, the Commissioner must show that the claimant can perform some other work that exists in

"significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[3] age, education and work experience. Tackett, 180 F.3d at 1100; 20 C.F.R. § 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

## IV.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing

---

[3] Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a).

5

both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

## V.

## DISCUSSION

**A.   The ALJ Failed to Consider New, Material Evidence**

Plaintiff contends that the ALJ's decision should be remanded for consideration of evidence supplied to the Appeals Council after the ALJ's decision. (Complaint Memo. at 2-3). As noted, on June 23, 2010, Plaintiff submitted additional medical records from April 2010 to the Appeals Council. (AR 4, 457-71). The Appeals Council subsequently denied Plaintiff's request for review on August 23, 2010. (AR 1-3). Specifically, Plaintiff argues that the "Appeals Council failed to consider records" which "contain a new MRI [magnetic resonance image] of the lumbar spine which shows progression of the back impairment and provides support for [P]laintiff's testimony concerning his pain." (Complaint Memo. at 3). Plaintiff's representative stated that "the [new] MRI provides . . . documentation of multi-level degenerative disk disease, bulges, moderate to severe facet hypertrophy, mild central stenosis and moderate bi-lateral neural foraminal stenosis of L3-4 and stenosis at L4-L5." (AR 457). Plaintiff contends that the "evidence supplied to the Appeals Council supports a greater degree [of]

6

limitation than found by the ALJ" and argues that because "the Appeals Council failed to consider this evidence, the case should be remanded for a fair evaluation of all the evidence." (Complaint Memo. at 3).

The ALJ concluded that the Plaintiff "has the residual functional capacity to perform light work . . . except that he is limited to performing postural activities occasionally, he can perform tasks requiring depth perception occasionally, he cannot be exposed to heights, hazards, or extreme temperatures, and he can perform hand manipulations frequently." (AR 16). The ALJ based this determination on the medical evidence in the record, including an MRI scan from March 2009 which "showed grade I spondylolistheis and a moderate disc bulge at the L4-5 level, as well as a mild bulge at L3-4." (AR 17). The ALJ noted that the March 2009 MRI "appear[ed] to indicate less severe damage than an MRI taken in May 2008 which showed moderate-to-severe central canal stenosis and mild-to-moderate bilateral neuroforaminal stenosis at L4-5." (Id.). The ALJ found that "[t]aken as whole . . . the evidence indicates that while the [Plaintiff] has severe impairments, he is able to work." (AR 17).

The Court may remand a matter to the Commissioner if there is new evidence which is "material" to a determination of disability and Plaintiff shows "good cause" for having failed to produce that evidence earlier. 42 U.S.C. § 405(g). To be material, the new evidence must bear directly and substantially on the matter at issue and there must be a "reasonable possibility" that the new evidence would have changed the outcome of the administrative hearing. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001) (as amended); Booz v. Secretary of Health &

Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984).  The good cause requirement is satisfied if new information surfaces after the Commissioner's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding.  <u>Key v. Heckler</u>, 754 F.2d 1545, 1551 (9th Cir. 1985).  A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his claim has been denied.  To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier.  <u>Mayes</u>, 276 F.3d at 463.

Here, the additional evidence submitted to the Appeals Council by Plaintiff on June 23, 2010 contained an MRI from April 2010.  (AR 4, 457-71).  Dr. Meng Law conduced the April 2010 MRI and noted in his report that at the L3-L4 level there was "[m]ild diffuse disk bulge[,] [m]ild superimposed central disk protrusion[,] [m]ild bilateral facet hypertrophy[,] [m]ild central stenosis, and moderate bilateral neural foraminal stenosis."  (AR 460).  Dr. Law also stated that at the L4-L5 level there was "[u]ncovering of the disk[,] [m]ild diffuse disk bulge[,] [m]oderate bilateral facet hypertrophy[,] [m]oderate central stenosis and moderate bilateral neural foraminal stenosis."  (Id.).

**1.  The Additional MRI Results Are Material to the Determination of Disability**

Here, the new medical evidence is material to the determination of disability because it bears directly and substantially on the matter at issue.  Plaintiff testified that he was unable to work due to severe back pain and fatigue.  (AR 42-43).  In finding that Plaintiff was able

8

to work despite severe impairments, the ALJ relied on the medical record which included two MRIs from May 2008 and March 2009. (AR 16-17). Also, because Plaintiff's back pain is a continuing condition, the new evidence bears directly and substantially on the issue of whether Plaintiff is able to maintain work on a sustained basis. See Lester v. Chater, 81 F.3d 821, 833 (9th Cir. 1995) (as amended) (internal citation omitted) ("In evaluating whether the claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's ability to work on a sustained basis. Occasional symptom-free periods-and even the sporadic ability to work-are not inconsistent with disability."); see also 20 C.F.R. § 404.1512(a).

Furthermore, although the April 2010 MRI was taken after the period under consideration by the ALJ, the fact that the Agency subsequently determined that Plaintiff became eligible for disability payments in March 2010 is relevant to the ALJ's initial determination. See Luna v. Astrue, 623 F.3d 1032, 1034 (9th Cir. 2010) (noting that "in certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim") (internal quotations and citations omitted). In Luna, the Ninth Circuit noted that "the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application [and that this] indicate[d] that further consideration of the factual issues [was] appropriate to determine whether the outcome of the first application should be different." (Id. at 1035). Here, the Appeals Council denied review of the ALJ's unfavorable decision on August 23, 2010, yet the Agency

separately determined that Plaintiff was eligible to receive disability payments as of March 25, 2010. (See AR 1-4, Exhibit 1 at 1-2). Given the Agency's differing disability decisions within a short overlapping period of time, the Court is unable to establish whether the two determinations are reconcilable or inconsistent. Therefore, remand for further proceedings is an appropriate remedy. See Am. Bird Conservancy v. FCC, 545 F.3d 1190, 1195 n. 3 (9th Cir. 2008) ("The proper remedy for an inadequate record . . . is to remand to the agency for further factfinding."). The Court finds that the new evidence is material to a determination of disability.

**2. Good Cause is Established**

To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier. Mayes, 276 F.3d at 463; see also Burton v. Heckler, 724 F.2d 1415, 1417-18 (9th Cir. 1984) (noting that "[t]he good cause requirement often is liberally applied, where . . . there is no indication that a remand for consideration of new evidence will result in prejudice to the Secretary").

Here, the additional MRI was performed on April 5, 2010 and therefore could not have been presented to the ALJ prior to his January 29, 2010 decision. Moreover, a remand for consideration of the MRI will not cause any prejudice to the Agency. Thus, remand to the agency for further factfinding is appropriate.

//
//
//

**B. The ALJ Failed to Expressly Reject the Third Party Statement for Reasons Germane to the Witness**

Plaintiff contends that the "ALJ failed to adequately consider the testimony" of Plaintiff's sister, Irene Garcia ("Garcia"). (Complaint Memo. at 8). Specifically, Plaintiff argues that the "ALJ failed to evaluate the credibility of corroborating testimony by [Garcia]" and that "the ALJ never intended to consider Ms. Garcia's testimony[] since he propounded hypotheticals to the VE before even hearing from third party witnesses." (Complaint Memo. at 8, Plaintiff's Reply Brief ("Reply Brief") at 4). The Court agrees.

The ALJ found that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the . . . residual function capacity." (AR 16). The ALJ stated that he made a determination regarding Plaintiff's disability "[a]fter careful consideration of the evidence," but the ALJ did not expressly address Garcia's credibility. (Id.). The ALJ did mention Garcia's testimony briefly in his decision when he noted that "[Garcia], with whom [Plaintiff] does not live, testified that she sees [Plaintiff] approximately once per week." (Id.). The ALJ also stated that "[Garcia] testified that certain foods make the [Plaintiff] vomit and afterwards he is pale and sweaty." (Id.).

The ALJ is required to consider the credibility of lay testimony concerning a plaintiff's ability to work. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). If an ALJ rejects lay witness testimony,

11

the ALJ must provide <u>specific</u> reasons that are germane to each witness whose testimony he rejects. Id. (citing <u>Stout v. Comm'r, Soc. Sec. Admin.</u>, 454 F.3d 1050, 1054 (9th Cir. 2006)); see also <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1164 (9th Cir. 2008) (noting that an ALJ need only provide reasons "germane to [the] witness" for rejecting lay witness testimony). An ALJ need not discuss "medical <u>diagnoses</u>" made by lay witnesses because they "are beyond the competence of lay witnesses and therefore do not constitute competent evidence." <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing 20 C.F.R. § 404.1513(a)). "However, lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work <u>is</u> competent evidence, and therefore <u>cannot</u> be disregarded without comment." Id. (internal citations omitted).

Garcia testified that "there's (sic) times when [Plaintiff is] in a high level of pain" and that Plaintiff occasionally has problems walking. (AR 70). Garcia also stated that Plaintiff used to be "very active[,]" but that "now his level activity . . . has been . . . really down." (AR 72). In addition, Garcia noted that she has observed Plaintiff having difficulty with his hands and that "there's been time[s] when [Plaintiff has] broke[n] a couple of [Garcia's] dishes . . . when [Plaintiff's] hands go numb." (AR 75).

Here, the ALJ did not expressly reject Garcia's testimony or address her credibility. (<u>See</u> AR 16). Because Garcia's testimony relates to the Plaintiff's symptoms it cannot be disregarded without

comment.⁴ See Nguyen, 100 F.3d at 1467 (noting that "[b]y failing to include in the hypothetical the physical manifestations that were described by the witnesses or expressly rejecting the testimony for legitimate reasons, the ALJ erred. Lay testimony as to a claimant's symptoms is competent evidence which the Secretary must take into account . . . unless he expressly determines to disregard such testimony, in which case he must give reasons that are germane to each witness.") (internal citation and quotations omitted). Furthermore, as noted by Plaintiff, the ALJ would have been unable to incorporate the testimony of Garcia into his RFC because the ALJ examined Garcia after presenting the vocational expert with his hypothetical. (See AR 56-75). To the extent that the ALJ rejected Garcia's testimony in forming Plaintiff's RFC, he must give reasons germane to the witness.

The Court does not reach the remaining issues because they are not necessary to the resolution of the action. Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000). Because the ALJ was unable to evaluate or incorporate Plaintiff's additional medical evidence into his determination of disability, remand to the agency for further factfinding is appropriate.

//

//

---

⁴ Defendant contends that the ALJ rejected Garcia's testimony because it "merely parroted [Plaintiff's] own discredited statements." (Memorandum in Support of Defendant's Answer ("Answer Memo.") at 6). Yet, in his decision, the ALJ did not expressly reject Garcia's testimony or mention this rationale or any other reason germane to the witness for rejecting her testimony.

13

# VII.

# CONCLUSION

Consistent with the foregoing, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 19, 2011

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE